Filed 9/27/22  P. v. Schlapkohl CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>CARLEY SCHLAPKOHL,<br><br>        Defendant and Appellant. | A162971<br><br>(Mendocino County<br>Super. Ct. Nos.<br>SCUK CRCR 2019-33723-1,<br>SCUK CRCR 2020-35131-1) |

Defendant Carley Schlapkohl entered pleas of no contest in two cases and was sentenced to three years and eight months in prison, including the middle term of three years for recklessly causing an inhabited structure to burn.  On appeal, her sole claim is that she is entitled to a remand under Assembly Bill No. 124 (2021–2022) (Assembly Bill No. 124), which amended Penal Code section 1170 to make the lower term the presumptive sentence under specified circumstances.[1]  We agree with her position, and we therefore

---

[1] Technically, the amendment at issue was made under Senate Bill No. 567 (2021–2022 Reg. Sess.), which incorporated changes originally introduced under Assembly Bill No. 124.  (*People v. Gerson* (2022) 80 Cal.App.5th 1067, 1074, fn. 2 (*Gerson*).)  For purposes of consistency with the parties' usage, we refer to Assembly Bill No. 124 instead of Senate Bill No. 567.  (See *Gerson*, at p. 1074, fn. 2.)  All further statutory references are to the Penal Code unless otherwise noted.

vacate the sentence and remand for a full resentencing in accordance with the new legislation.

## I.
### FACTUAL AND PROCEDURAL BACKGROUND

On December 16, 2019, a Mendocino County Sheriff's deputy on patrol in Calpella noticed a car with its front bumper partially detached and its "front license plate light" missing.[2]  After the deputy activated his emergency lights and attempted to stop the car, the car accelerated, leading him on a chase that lasted over 10 minutes and reached speeds of over 115 miles per hour.  The car ultimately lost control during a turn and came to rest facing the wrong way on the street.  When contacted, the driver, Schlapkohl, admitted that she knew the deputy was a law enforcement officer and was trying to stop her, but she told him that she "thought [he] was an officer who[m] she had a problem with and didn't want to stop."  Based on these actions, she was charged in case no. SCUK CRCR 2019-33723-1 with a felony count of reckless driving while evading a peace officer (the evading case).[3]

In an unrelated incident, early on the morning of February 21, 2020, Schlapkohl's boyfriend woke up to discover that a dog mattress on the front porch of his Willits home was on fire.  He and Schlapkohl had fought the previous evening, and she and his truck were gone.  Schlapkohl smoked on the porch and sometimes used a propane torch to light her cigarettes.  According to an arson investigator, the fire, which eventually "destroyed" the home, was intentionally set.

---

[2] The underlying facts are drawn from the preliminary-hearing transcripts, which Schlapkohl stipulated to as the factual basis for her pleas in both cases.

[3] The charge was brought under Vehicle Code section 2800.2, subdivision (a).

2

Later that day, a Mendocino County Sheriff's detective spoke to a woman who reported seeing Schlapkohl's boyfriend's truck parked outside the woman's house on the reservation in Willits. The woman approached the vehicle and saw Schlapkohl, with whom she was acquainted, in the driver's seat. Schlapkohl "eventually came out of the truck and was making some statements about hearing children, [Schlapkohl's] children, and started running around the reservation looking for them."[4] Schlapkohl then climbed a tree, but the woman and her nephew were eventually able to get her down, and she was subsequently arrested. Based on this incident, Schlapkohl was charged in case no. SCUK CRCR 2020-35131-1 with felony counts of arson of an inhabited structure and theft or unauthorized use of a vehicle (the fire case).[5]

The parties later reached a "global disposition" of all the cases against Schlapkohl, which also included two misdemeanor matters. In exchange for a sentence of no more than four years and eight months in prison, she pleaded no contest to (1) the single count in the evading case and (2) a new count in the fire case of recklessly causing an inhabited structure to burn.[6] The misdemeanor cases and the remaining counts and allegation in the fire case were dismissed.

In May 2021, the trial court sentenced Schlapkohl to three years and eight months in prison, composed of the middle term of three years for the

---

[4] Schlapkohl has several children who were removed from her care in dependency proceedings.

[5] The charges were brought under section 451, subdivision (b) (arson), and Vehicle Code section 10851, subdivision (a) (taking of vehicle). In connection with the latter charge, it was alleged that at the time Schlapkohl was released from custody on bail in the evading case.

[6] The new count was brought under section 452, subdivision (b).

fire offense and one-third the middle term for the evading offense. The court determined the middle term was warranted because "the aggravators . . . [and] the mitigators . . . balance each other out here," explaining:

> "[I]n aggravation I find there was a significant loss of a family home. [¶] I do consider this to be more serious than other [violations of section 452] that I've seen. [Schlapkohl's boyfriend] was asleep. He was vulnerable, and he easily could have died in this situation.

> "In mitigation, I do find that Ms. Schlapkohl has an insignificant record with no felony convictions, no crimes of violence. [¶] And in listening to her statement and the description of her behavior at the neighbor's residence, I do believe she was delusional and experiencing some kind of break.

> "Whether medical or caused by substance abuse, I don't know. But she does suffer from depression and anxiety, which I consider mental health conditions. [¶] She also has significant medical issues, including suffering seizures while incarcerated. [¶] And she has no experience with state prison."

## II.
### DISCUSSION

Schlapkohl claims a remand is required for the trial court to consider whether to sentence her to the lower term of two years for recklessly causing an inhabited structure to burn. (See § 452, subd. (b).) We agree.

At the time Schlapkohl was sentenced, former section 1170, subdivision (b), provided that when a defendant was sentenced to prison for a crime with a sentencing triad, "the choice of the appropriate term shall rest within the sound discretion of the [trial] court." Former California Rules of Court, rule 4.420(b), provided that in exercising this discretion, a trial court could "consider circumstances in aggravation or mitigation, and any other factor reasonably related to the sentencing decision."

4

Effective January 1, 2022, Senate Bill No. 567 (2021–2022 Reg. Sess.) amended section 1170 to make the middle term the presumptive sentence, unless the greater term is justified by aggravating circumstances that were stipulated to or found true beyond a reasonable doubt. (§ 1170, subd. (b)(1); Stats. 2021, ch. 731, § 1.3.) At the same time, Assembly Bill No. 124 amended the statute to provide that "unless the [trial] court finds that the aggravating circumstances outweigh the mitigating circumstances," the lower term is the presumptive sentence if an enumerated circumstance "was a contributing factor in the commission of the offense." (§ 1170, subd. (b)(6); Stats. 2021, ch. 731, § 1.3.) As relevant here, one such circumstance is that the defendant "has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence." (§ 1170, subd. (b)(6)(A).)

As the parties agree, Assembly Bill No. 124 is ameliorative legislation that applies retroactively to all judgments, like Schlapkohl's, that were not final when it took effect. (*In re Estrada* (1965) 63 Cal.2d 740, 745; *Gerson*, *supra*, 80 Cal.App.5th at p. 1095; *People v. Banner* (2022) 77 Cal.App.5th 226, 240 (*Banner*).) It is also clear from the record that the trial court found the aggravating circumstances and mitigating circumstances were balanced, and therefore the exception to section 1170, subdivision (b)(6), does not apply. The only dispute is whether a remand is required for the court to consider whether Schlapkohl experienced qualifying trauma that was a contributing factor in the commission of the fire offense, which if true would mean the lower term was required.

Where a trial court "made its sentencing decision with[out] awareness of the full scope of discretion" it now has, a remand for resentencing is required "unless the record 'clearly indicate[s]' that the . . .

5

court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1390–1391; *Gerson, supra*, 80 Cal.App.5th at p. 1096; *Banner, supra*, 77 Cal.App.5th at p. 242.) Here, we cannot say that the trial court would have necessarily concluded that Schlapkohl did not experience qualifying trauma that contributed to her commission of the fire offense. As she points out, there was evidence in the record that she suffered significant trauma, including losing custody of her children, experiencing homelessness, and having health issues. Indeed, the court found as mitigating factors that she had physical and mental health problems and "was delusional and experiencing some kind of break" in the aftermath of the offense.

The Attorney General argues that a remand is not required because "the mental health issues described in this case relate to drug abuse and its consequences, not childhood or other trauma," and even if such trauma did exist, "nothing connects [it] to the crime." But "psychological, physical, or childhood trauma" is a broad category, and the statute does not exclude such trauma if it is caused by drug use or mental health problems. (See *Banner, supra*, 77 Cal.App.5th at p. 241 ["psychological trauma based on mental illness" may qualify for lower term presumption].) Moreover, Schlapkohl was apparently having a mental health crisis right after setting the fire, suggesting her psychological state may have played a role in the crime. Based on this record, we think it is possible the court would have chosen to impose the lower term had the current version of section 1170 been in effect. (See *Banner*, at p. 242.) Certainly, the court did not make any findings precluding that result.

Accordingly, we remand the case for the trial court to conduct a full resentencing, "incorporating the new legislative changes." (*Gerson, supra*,

6

80 Cal.App.5th at p. 1096; *Banner, supra,* 77 Cal.App.5th at p. 242; see *People v. Buycks* (2018) 5 Cal.5th 857, 893.) We express no opinion on whether Schlapkohl in fact experienced qualifying trauma that was a contributing factor in her commission of the fire offense.

### III.
### DISPOSITION

The sentence is vacated, and the matter is remanded for the trial court to resentence Schlapkohl in light of Assembly Bill No. 124. The judgment is otherwise affirmed.

_____
Humes, P.J.

WE CONCUR:


_____
Margulies, J.


_____
Devine, J.*

*Judge of the Superior Court of the County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*People v. Schlapkohl*  A162971

8